**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 8, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

—————————————————————

JOSE ALFREDO ZACARIAS-GARCIA,

Petitioner,

v.

MERRICK B. GARLAND, United States
Attorney General,

Respondent.

No. 20-9654
(Petition for Review)

—————————————————————

**ORDER AND JUDGMENT***

—————————————————————

Before **HARTZ**, **KELLY**, and **McHUGH**, Circuit Judges.**

—————————————————————

Petitioner Jose Alfredo Zacarias-Garcia seeks review of the Board of

Immigration Appeals' (BIA) dismissal of his appeal after an immigration judge (IJ)

denied his application for cancellation of removal. Mr. Zacarias-Garcia argues that

he was denied due process because his merits hearing before the IJ was not properly

transcribed. Assessing our jurisdiction under 8 U.S.C. § 1252, we dismiss the

petition because Mr. Zacarias-Garcia failed to exhaust his arguments before the BIA.

---

* This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

** After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument.

## Background

Mr. Zacarias-Garcia, a native and citizen of Mexico, entered the United States illegally in 1999.  In 2011, he was served with a notice to appear in immigration court and charged with being removable.  Mr. Zacarias-Garcia conceded removability but filed an application for cancellation of removal.  A hearing was conducted on May 21, 2018, during which Mr. Zacarias-Garcia was the sole witness.  He testified about, among other things, entering the country, raising two children with his wife, purchasing a home, and his employment history.  The IJ ultimately denied the application for cancellation of removal because Mr. Zacarias-Garcia failed to establish that his removal would result in "exceptional and extremely unusual hardship" for his two children.  A.R. 29–36; see 8 U.S.C. § 1229b(b)(1)(D).  The IJ granted Mr. Zacarias-Garcia's request for voluntary departure.

Mr. Zacarias-Garcia filed a notice of appeal with the BIA stating that the IJ "wrongly decided" his case and did not properly consider the evidence regarding the hardships that his children would face.  A.R. 24.  On December 2, 2020, the BIA dismissed the appeal and ordered Mr. Zacarias-Garcia removed.  The BIA stated that he did not show the requisite hardship and that the IJ properly considered the evidence.  Additionally, the BIA noted that he failed to file a brief and that his notice of appeal did not "meaningfully challenge the [IJ]'s findings of fact or conclusions of law."  Id. at 3.  Mr. Zacarias-Garcia filed a petition for review in this court.

**Discussion**

Mr. Zacarias-Garcia argues that he has been denied due process because his merits hearing was not transcribed. Not only does it appear that the hearing was transcribed, see id. at 97–131,[1] but Mr. Zacarias-Garcia did not exhaust this argument before the BIA. His notice of appeal only argued that the IJ did not adequately consider the evidence in reaching its conclusion and did not mention any issues regarding the hearing transcript. See id. at 24. We therefore lack jurisdiction to consider his argument because "an alien must present the *same specific legal theory* to the BIA before he or she may advance it in court." Garcia-Carbajal v. Holder, 625 F.3d 1233, 1237 (10th Cir. 2010); see 8 U.S.C. § 1252(d)(1). This is true even though Mr. Zacarias-Garcia attempts to frame his argument "in terms of constitutional due process" because the BIA could have remedied such a problem. See Vicente-Elias v. Mukasey, 532 F.3d 1086, 1094 (10th Cir. 2008). Thus, his petition for review must be dismissed as to that argument.

Mr. Zacarias-Garcia raised no other arguments in his opening brief, but in his reply contends that he was wrongfully denied cancellation of removal based on the facts of the case. Although this argument is consistent with his arguments before the BIA, it also fails to establish jurisdiction here. First, this court ordinarily will not consider arguments "raised for the first time in a reply brief." McKenzie v. U.S. Citizenship and Immigr. Servs., 761 F.3d 1149, 1154–55 (10th Cir. 2014). And

---

[1] Mr. Zacarias-Garcia acknowledges that the hearing was transcribed in his reply brief. See Reply Br. at 4.

3

second, we lack jurisdiction over "the determination of whether the petitioner's removal from the United States 'would result in exceptional and extremely unusual hardship' to a qualifying relative under 8 U.S.C. § 1229b(b)(1)(D)." Galeano-Romero v. Barr, 968 F.3d 1176, 1181 (10th Cir. 2020) (citation omitted); see also id. at 1182–84 (discussing how discretionary determinations do not raise "questions of law" that are subject to review).

Accordingly, the petition for review is DISMISSED for lack of jurisdiction, and the Respondent's motion to dismiss is GRANTED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

4